UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| KISHIA DANIELLE SCOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:18-cv-28-HBG |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 73 of the Federal Rules of Civil Procedure, and the consent of the parties [Doc. 14]. Now before the Court is Plaintiff's Motion for Summary Judgment and Memorandum in Support [Docs. 17 & 18] and Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 19 & 20]. Kishia D. Scott ("Plaintiff") seeks judicial review of the decision of the Administrative Law Judge ("the ALJ"), the final decision of Defendant Nancy A. Berryhill ("the Commissioner"). For the reasons that follow, the Court will **GRANT IN PART** Plaintiff's motion and **DENY** the Commissioner's motion.

**I.    PROCEDURAL HISTORY**

On October 24, 2013, Plaintiff protectively filed an application for disability insurance benefits and supplemental security income benefits [Tr. 172–81] pursuant to Title II and XVI of the Social Security Act, 42 U.S.C. §§ 401 *et seq.* and 1381 *et seq.*, claiming a period of disability that began on June 27, 2013, the amended onset date. [Tr. 17, 46 (amended onset date)]. After her application was denied initially and upon reconsideration, Plaintiff requested a hearing before an ALJ. [Tr. 130]. A hearing was held on July 26, 2016. [Tr. 42–69]. On February 21, 2017, the

ALJ found that Plaintiff was not disabled. [Tr. 17–29]. The Appeals Council denied Plaintiff's request for review on November 22, 2017 [Tr. 1–5], making the ALJ's decision the final decision of the Commissioner.

Having exhausted her administrative remedies, Plaintiff filed a Complaint with this Court on January 23, 2018, seeking judicial review of the Commissioner's final decision under Section 405(g) of the Social Security Act. [Doc. 1]. The parties have filed competing dispositive motions, and this matter is now ripe for adjudication.

**II.   ALJ FINDINGS**

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2018.
>
> 2. The claimant has not engaged in substantial gainful activity since June 27, 2013, the amended alleged onset date (20 CFR 404.1571 *et seq*. and 416.971 *et seq*.).
>
> 3. The claimant has the following severe impairments: degenerative disc disease and obesity (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except occasionally climbing ladders, kneeling, crouching, and crawling.
>
> 6. The claimant is capable of performing past relevant work as a cashier and fast food worker. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

> 7. The claimant has not been under a disability, as defined in the Social Security Act, from October 31, 2012, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

[Tr. 19–28].

## III. STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining whether the ALJ's decision was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner, and whether the ALJ's findings are supported by substantial evidence. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009) (citation omitted); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted).

On review, the plaintiff "bears the burden of proving his entitlement to benefits." *Boyes v.*

*Sec'y. of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citation omitted).

## IV. DISABILITY ELIGIBILITY

"Disability" means an individual cannot "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A). An individual will only be considered disabled:

> if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

§§ 423(d)(2)(A) and 1382c(a)(3)(B).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity ("RFC") and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). A claimant's residual functional capacity ("RFC") is assessed between steps three and four and is "based on all the relevant medical and other evidence in your case record." 20 C.F.R. §§ 404.1520(a)(4) and -(e), 416.920(a)(4), -(e). An RFC is the most a claimant can do despite his limitations. §§ 404.1545(a)(1) and 416.945(a)(1).

The claimant bears the burden of proof at the first four steps. *Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at step five. *Id.* At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987)).

## V. ANALYSIS

Plaintiff asserts that the ALJ's RFC determination is not supported by substantial evidence in two regards. First, Plaintiff maintains that her RFC does not reflect the work-related limitations assessed by the examining consultative physician, Jeffrey Uzzle, M.D., despite the ALJ's assignment of great weight to Dr. Uzzle's opinion. [Doc. 18 at 12–15]. Next, Plaintiff asserts that the ALJ did not properly weigh her subjective allegations regarding pain and her alleged disabling limitations. [*Id.* at 16–19]. The Court will address Plaintiff's specific allegations of error in turn.

### A. Dr. Uzzle's Opinion

Plaintiff argues that the ALJ erred when she assigned great weight to Dr. Uzzle's opinion without incorporating the opined standing and walking limitations. [*Id.* at 12–15]. She claims that the ALJ "failed to reconcile the favorably weighed opinion of Dr. Uzzle with the RFC," as the ALJ did not incorporate Dr. Uzzle's limitation that Plaintiff was only able to stand or walk for one hour at a time. [*Id.* at 13]. Accordingly, Plaintiff submits that these opined limitations conflict with

5

Plaintiff's RFC limiting her to light work, as well as the ALJ's determination that she could perform her past relevant work. [*Id.* at 14–15]. However, the Commissioner asserts that Dr. Uzzle's opinion is consistent with the full range of light work, and further, that the ALJ is not required to incorporate the entire opinion in the RFC determination. [Doc. 20 at 7–9].

On December 1, 2014, Dr. Uzzle consultatively examined Plaintiff who complained of chronic lower back pain, including degenerative disc disease, open vertebrae on her spine, hip problems, and obesity. [Tr. 519]. Dr. Uzzle stated that he reviewed Plaintiff's medical records, and that Plaintiff underwent a microlumbar discectomy surgery on July 19 2014, which was complicated by a postoperative spinal fluid leak and recurrent disc herniation, and required an additional surgery. [*Id.*]. Further, Dr. Uzzle noted an L4-5 disc herniation, as well as left lower extremity radiculopathy, a transitional segment, and epidural fibrosis. [*Id.*]. On examination, Dr. Uzzle reported that Plaintiff does not use assistive devices, has normal station, gait, toe and heel walking, deep knee bend, and tandem walking. [Tr. 520]. Next, Dr. Uzzle noted that Plaintiff's sitting and supine straight leg raise on both sides caused low pain without radiculopathy at 60 degrees, and Plaintiff "has limited dorsolumbar flexion at 65 degrees due to back pain," but otherwise revealed an "unremarkable muscoskeletal exam." [*Id.*]. Lastly, Dr. Uzzle assessed that Plaintiff had lower back surgery "for L5-L6 disc herniation with a transitional segment which she refers to as an L4-5 disc herniation," that she has chronic low back pain with left lower extremity sciatica without objective neurological deficit, and full range of motion in her hips. [Tr. 521].

In a "Medical Source Statement of Ability to Do Work-Related Activities (Physical)" completed contemporaneously with the examination, Dr. Uzzle found that Plaintiff could frequently lift and carry up to ten pounds, could occasionally lift and carry up to twenty pounds, but could never lift and carry above twenty pounds. [Tr. 522]. Dr. Uzzle also opined the following

6

functional limitations in an eight-hour workday: Plaintiff could sit at one time for two hours with up to six hours total; and she could stand or walk at one time for one hour with up to four hours total. [Tr. 523]. Further, Dr. Uzzle opined that Plaintiff could continuously reach, handle, finger, feel, push and pull with both hands; that she could frequently operate foot controls with both feet; that she could frequently climb stairs and ramps, balance, and stoop; and that she could occasionally climb ladders or scaffolds, kneel, crouch, and crawl. [Tr. 523–24].

In the disability decision, the ALJ reviewed Dr. Uzzle's opinion and found that it was entitled to great weight, concluding that the opinion was supported by Dr. Uzzle's examination findings, as well as the overall objective medical record. [Tr. 26].

Plaintiff argues that the ALJ improperly failed to include the limitations opined by Dr. Uzzle on Plaintiff's ability to stand and walk during an eight-hour workday. [Doc. 18 at 14]. Further, Plaintiff contends that Dr. Uzzle's opined limtations, which the ALJ assigned great weight to, do not support a finding that she could perform a general range of light work or her past relevant work. [*Id.*]. Lastly, Plaintiff asserts that the ALJ's hypothetical posed to the VE did not include testimony on the effect that a limitation would have on her past relevant work, and that the mention of a sit/stand option does not encompass the opined limitations. [*Id.* at 15].

As an initial matter, the Court notes that when an ALJ fails to incorporate all of the limitations opined from a medical source who received great weight, "it does not follow that the ALJ's explanation is, therefore, procedurally inadequate, or that the RFC was not supported by substantial evidence." *Moore v. Comm'r of Soc. Sec.*, No. 1:13-CV-00395, 2013 WL 6283681, at *7 (N.D. Ohio Dec. 4, 2013); *see Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015) ("Even where an ALJ provides "great weight" to an opinion, there is no requirement that an ALJ adopt a state agency psychologist's opinions verbatim; nor is the ALJ required to adopt the

7

state agency psychologist's limitations wholesale.") (citing *Harris v. Comm'r of Soc. Sec. Admin.*, No. 1:13–cv–00260, 2014 WL 346287, at *11 (N.D. Ohio Jan. 30, 2014)).

Here, the ALJ found that Plaintiff had the RFC to perform a range of light work, except that Plaintiff could only occasionally climb ladders, kneel, crouch, or crawl. [Tr. 20]. However, Plaintiff correctly asserts that the ALJ failed to include any limitations on the amount of total time standing or walking, or the amount of time spent standing or walking at one time, and subsequently failed to explain any inconsistency between Dr. Uzzle's opinion and the RFC.

When reviewing Dr. Uzzle's opinion, the ALJ stated that Dr. Uzzle opined that Plaintiff could sit for two hours and stand or walk for one hour at one time without interruption. [Tr. 24]. Additionally, the ALJ noted Dr. Uzzle's opinion that Plaintiff could sit for six hours and could stand or walk up to four hours of an eight-hour day. [*Id.*]. When discussing Plaintiff's testimony that she was not able to stand, walk, or sit for more than ten to fifteen minutes, the ALJ found that the medical evidence did not support such an extreme limitation, as the results of Plaintiff's nerve conduction studies were unremarkable, and at a neurosurgery office visit, it was noted that Plaintiff potentially overexaggerated her gait. [Tr. 26].

However, the ALJ failed to specifically address the specific standing and walking limitations in Dr. Uzzle's opinion, or explain if she also found the limitations in the opinion not credible. *See Woodruff v. Astrue*, No. 1:12-CV-1752, 2013 WL 821336, at *10 (N.D. Ohio Mar. 5, 2013) ("Here, despite granting Dr. Renneker's opinion great weight, the ALJ did not include limits on Plaintiff's ability to sustain neck flexion in his calculation of her RFC. Because these limitations conflict with the RFC—as the RFC contains no limits on these activities—SSR 96–8p requires the ALJ to explain their omission. A review of the ALJ's decision reveals that he did not explain his reasons for rejecting these limitations."). Social Security Ruling 96-8p provides that

8

"[i]f the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." 1996 WL 374184, at *7 (July 2, 1996). Rather, the ALJ only stated that he assigned great weight to Dr. Uzzle's opinion, as it was consistent with his examination and the overall objective medical evidence. [Tr. 26].

"[A] job is in [the light work] category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. §§ 404.1567(b), 416.967(b). "The major difference between sedentary and light work is that most light jobs—particularly those at the unskilled level of complexity—require a person to be standing or walking most of the workday." Soc. Sec. Rul. 83-14, 1983 WL 31254, at *4 (Jan. 1, 1983). Although the Commissioner asserts that Dr. Uzzle's total opined limitations, including that "Plaintiff could stand or walk—*each*—for hour hours total during an eight-hour workday, . . . is consistent with the full or wide range of light work" [Doc. 20 at 8], the ALJ ultimately erred by failing to incorporate any standing or walking limitations into Plaintiff's RFC. *See, e.g.*, *Thieman v. Comm'r of Soc. Sec.*, 989 F. Supp. 2d 624, 634 (S.D. Ohio 2013) (holding the ALJ erred by failing to incorporate Plaintiff's treating physician's opinion that she could not "stand/walk longer than one hour at one time, and for a total of four hours in one work day" into the RFC, as the ALJ "determined that Plaintiff is capable of performing a reduced range of light work . . . and the ALJ failed to provide any additional walking/standing restrictions").

Further, while the Commissioner claims that the RFC includes only the limitations the ALJ found were consistent with the record as a whole, the ALJ did not discuss why the standing and walking limitations opined by Dr. Uzzle were not included in the RFC determination, despite the ALJ's finding that the opinion was consistent with the overall objective medical evidence. *See Pope v. Comm'r of Soc. Sec.*, No. 15-12977, 2016 WL 8115399, at *9 (E.D. Mich. May 19, 2016)

9

("Without an explanation of *why* the ALJ gave great weight to a physician's opinion, but discarded potions of it in rendering the RFC finding, the courts must simply assume that the ALJ supported his decision with substantial evidence . . . This is not a robust foundation for judicial review."), *report and recommendation adopted by*, 2016 WL 4055035 (E.D. Mich. July 29, 2016).

Next, the ALJ's use of VE testimony does not render the failure to include limitations on the amount of standing or walking harmless. Here, the ALJ found that Plaintiff could perform her past relevant work as a cashier and fast food worker. [Tr. 27]. The ALJ accepted the VE's testimony that Plaintiff is able to perform her past relevant work as actually and generally performed. [*Id.*]. Additionally, the ALJ made an alternative finding that although Plaintiff could perform her past relevant work, there were other jobs which existed in the national economy that she was able to perform. [*Id.*]. The ALJ based her finding on VE testimony that an individual with the same age, education, work history, and RFC as Plaintiff could perform other work existing in significant numbers in the national economy, including in assembly production, as a production inspector, and as a hand packager. [Tr. 28, 65–66].

"In order for a vocational expert's testimony in response to a hypothetical question to serve as substantial evidence in support of the conclusion that a claimant can perform other work, the question must accurately portray a claimant's physical and mental impairments." *Ealy v. Comm'r of Soc. Sec.,* 594 F.3d 504, 516 (6th Cir. 2010) (internal citations omitted). Although the hypothetical question must accurately describe the claimant, there is no requirement that it must match the language of the RFC verbatim. *See Brock v. Comm'r of Soc. Sec.,* 368 F. App'x 622, 626 (6th Cir. 2010) (citation omitted) ("Further, a hypothetical question may be incomplete, yet still accurately portray a claimant's limitations.").

At the hearing, the ALJ formulated a hypothetical consisting of the exact RFC

10

determination—an individual with the same work history and education and background of Plaintiff who is restricted to a light exertional level and that she can occasionally climb ladders, kneel, crouch, and crawl. [Tr. 65].

Therefore, the hypothetical posed to the VE regarding both Plaintiff's past relevant work and other jobs that she could perform did not adequately portray Plaintiff's physical limitations, as the hypotheticals posed to the VE did not include similar standing and walking limitations as opined by Dr. Uzzle. *See Thieman*, 989 F. Supp. 2d at 634 ("The ALJ's proposed hypothetical to the VE, therefore, is unsupported by substantial evidence because it failed to incorporate the standing/walking limitations imposed by Dr. Snider. As such, the testimony of the VE is insufficient to carry the Commissioner's burden at Step Five."). The ALJ did not question the VE about the potential effect of the standing and walking limitations opined in Dr. Uzzle's opinion. *See Pope*, 2016 WL 8115399, at *9 (finding "the ALJ made no effort to incorporate into his RFC finding Dr. Lund's conclusion" regarding Plaintiff standing/walking restrictions, "the ALJ merely queried the VE as to whether a hypothetical worker limited to 'light work' and with certain other postural restrictions could perform jobs available in substantial numbers in the national economy," and "[t]he VE was thus not informed of Pope's specific standing and walking limitations which would have limited her to a subset of light work").

Additionally, when the ALJ added that an individual restricted to the limitations in Plaintiff's RFC would require a sit/stand option at will, the ALJ testified that this limitation would reduce the categories of jobs by 90%. [Tr. 67]; *cf. Berry v. Astrue*, No. 1:07-067, 2009 WL 1530826, at * (M.D. Tenn. May 29, 2009) (finding Plaintiff erroneously argued that he could only perform a limited range of light work, as opposed to the ALJ's statement that he could perform a wide range of light work, as "the ALJ properly posed numerous hypotheticals to the VE that

11

encompassed Plaintiff's exertional and nonexertional limitations," including a significant number of positions with a sit/stand option).

Accordingly, the ALJ's failure to include limitations with respect to Plaintiff's standing and walking in the RFC determination was not harmless error because the hypothetical question did not accurately present Plaintiff's physical limitations, and thus Plaintiff's allegation of error is well-taken.

### B. Plaintiff's Subjective Allegations

Plaintiff asserts that the ALJ failed to properly weigh her subjective allegations regarding pain and her symptoms, as the ALJ did not consider the factors in the applicable regulations or explain how the evidence does not support Plaintiff's allegations. [Doc. 19 at 16–19]. However, the Commissioner maintains that the ALJ properly considered Plaintiff's treatment history, the lack of objective findings supporting Plaintiff's allegations, Plaintiff's daily activities, and the medical opinion evidence. [Doc. 20 at 11–14].

In the disability decision, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms," but that Plaintiff's statements "concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." [Tr. 25].

Social Security Ruling 96-7p articulates the standard for evaluating a claimant's subjective allegations, including those regarding pain, as follows:

> [O]nce an underlying physical or mental impairment(s) that could reasonably be expected to produce the individual's pain or other symptoms has been shown, the adjudicator must evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities.

1996 WL 374186, at *2 (July 2, 1996).[1] When objective medical evidence fails to substantiate a claimant's subjective allegations regarding the intensity, persistence, or functional effects of pain, the ALJ must make a credibility finding based on the entire case record. *Id.*

Moreover, and in addition to considering objective medical evidence, the ALJ must consider the following factors in assessing a claimant's credibility: (1) daily activities; (2) the location, frequency, and intensity of the pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms; (5) treatment, other than medication, received or have received for relief of pain or other symptoms; (6) any measures that are used or were used to relieve pain or other symptoms; (7) other factors concerning functional limitations and restrictions due to pain or other symptoms. *Id.* at *3 (citing 20 C.F.R. § 404.1529(c)).

The ALJ's findings regarding credibility "are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). However, the ALJ's finding must be supported by substantial evidence. *Id.* Finally, "discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." *Id.*

Plaintiff contends that the ALJ did not appropriately consider the applicable factors, or

---

[1] At the time of the ALJ's decision, SSR 96-7p, 1996 WL 374186 (July 2, 1996), governed the ALJ's analysis of the credibility of Plaintiff's statements concerning her symptoms. That ruling was later superseded by SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016), which eliminated the use of the term "credibility" in order to "clarify that subjective symptom evaluation is not an examination of an individual's character." SSR 16-3p, 2016 WL 1119029 at *1. However, "[b]ecause the text of SSR 16-3p does not indicate the SSA's intent to apply it retroactively," the Court will rely upon SSR 96-7p. *See Cameron v. Colvin*, No. 1:15-cv-169, 2016 WL 4094884, at *2 (E.D. Tenn. Aug. 2, 2016).

explain how Plaintiff's allegations were not supported by the medical record. [Doc. 18 at 16]. While the ALJ found that Plaintiff's allegations were not supported by the medical record, Plaintiff challenges the reported evidence claimed to be inconsistent with her allegations, specifically with respect to her reporting moderate relief prior to her two surgeries, her statements regarding physical therapy, a nerve condition study, and one instance of exaggerated conditions. [*Id.* at 17–18],

Initially, the Court notes that while the ALJ is required to "consider" the seven factors under Social Security Ruling 96-7p, there is no requirement that the ALJ explicitly discuss each factor. *See White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 287 (6th Cir. 2009); *Ausbrooks v. Astrue,* No. 12–12144, 2013 WL 3367438, at *19 (E.D. Mich. July 5, 2013) ("An ALJ, however, is not required to explicitly discuss every § 404.1529(c)(3) factor in [the credibility] assessment."); *Coleman v. Astrue*, No. 2:09-cv-36, 2010 WL 4094299, at *15 (M.D. Tenn. Oct. 18, 2010) (finding that "[t]here is no requirement [ ] that the ALJ expressly discuss each listed factor").

First, the ALJ found that the "medical evidence supports limitations that align[ ] with the range of light residual functional capacity." [Tr. 25]. The ALJ identified that Plaintiff admitted on several occasions to not attending the prescribed physical therapy due to financial reasons, but also that she was advised to stop her physical therapy. [Tr. 25]. Further, the ALJ reviewed Plaintiff's report that she was unable to lift anything greater than a coffee cup, and her testimony that if she had another surgery that there was a 40% chance she would be unable to walk, in addition to the examination findings of a February 20, 2016 MRI and lumbar spine x-rays. [*Id.*]; *see* [Tr. 533–34]. However, the ALJ did not find that Plaintiff's allegations were not supported by the medical evidence, but that the objective medical evidence did not support the completely disabling limitations alleged. While Plaintiff claims that the nerve conduction study and the over

14

exaggeration of her symptoms are not sufficient to support the ALJ's rejection of her subjective allegations, the ALJ only considered these events as one factor in assessing her credibility. Lastly, the ALJ reviewed the objective medical evidence both before and after Plaintiff's surgery, noting that during Plaintiff's consultative examination with Dr. Uzzle on December 1, 2014, Plaintiff demonstrated normal gait, station, toe and heel walking, deep knee bend, and tandem walking. [Tr. 24].

Next, the ALJ reviewed Plaintiff's daily activities, and noted that although she testified that she is unable to perform household chores and needs assistance with performing her own personal care, she also testified that she drives her fiancé to work every day, reported taking care of her daughter, including bathing, diapering, and feedings, that she walks her dogs outside two to three times a day, and that she was able to perform household chores. [Tr. 25–26]. *See Moore v. Comm'r of Soc. Sec.*, 573 F. App'x 540, 543 (6th Cir. 2014) ("The ALJ also properly took into account [the claimant's] daily activities, which included caring for two school-aged children and performing household chores."); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 532 (6th Cir. 1997) (finding an ALJ may consider a plaintiff's daily activities in evaluating the credibility of allegations of disabling symptoms). Moreover, the ALJ did not rely solely on Plaintiff's daily activities when assessing her credibility. The ALJ also considered the extent to which Plaintiff's allegations of disabling pain were inconsistent with the objective medical evidence. *Temples v. Comm'r of Soc. Sec.*, 515 F. App'x 460, 462 (6th Cir. 2003) ("[T]he ALJ did not give undue consideration to Temples' ability to performing day-to-day activities. Rather, the ALJ properly considered this ability as one factor in determining whether Temples' testimony was credible.").

The Sixth Circuit has held that the Court must accord great deference to an ALJ's credibility assessment, particularly "because of the ALJ's unique opportunity to observe the

claimant and judge her subjective complaints." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (internal citations omitted). In the present case, the ALJ properly evaluated Plaintiff's credibility pursuant to the applicable regulations and policies. *See* 20 C.F.R. § 404.1529; Soc. Sec. Rul. 96-7p, 1996 WL 374186 (July 2, 1996). Accordingly, the Court finds that the ALJ's credibility finding is supported by substantial evidence. However, on remand, the ALJ should clearly review all applicable factors under 20 C.F.R. § 404.1529(c) in weighing Plaintiff's credibility, and explain the credibility determination with respect to Plaintiff's allegations.

VI. **CONCLUSION**

Based on the foregoing, Plaintiff's Motion for Summary Judgment [**Doc. 17**] will be **GRANTED IN PART**, and the Commissioner's Motion for Summary Judgment [**Doc. 19**] will be **DENIED**. This case will be **REMANDED** to the SSA for the ALJ to reconsider Dr. Uzzle's opinion, specifically with respect to the opined standing and walking limitations.

ORDER ACCORDINGLY.

_____
United States Magistrate Judge