UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| KISHIA D. SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-CV-28-HBG |
| | ) | |
| ANDREW M. SAUL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and the consent of the parties [Doc. 14]. Now before the Court is the Plaintiff's Motion for Attorney Fees Pursuant to 28 U.S.C. § 2412 [Doc. 23], filed on June 18, 2019. Plaintiff requests that the Court enter an Order awarding $5,138.12 in attorney's fees and $24.00 in expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1).

**I.   BACKGROUND**

On June 25, 2018, Plaintiff filed a Motion for Summary Judgment and Memorandum in Support [Docs. 17 & 18], and on August 9, 2018, the Commissioner filed a competing Motion for Summary Judgment and Memorandum in Support [Docs. 19 & 20]. The Court entered a Memorandum Opinion [Doc. 21] on March 20, 2019, granting in part the Plaintiff's motion and denying the Commissioner's motion. Specifically, the Court ordered that the case be remanded to the Administrative Law Judge to reconsider the medical opinion of a consultative examiner, specifically with respect to the opined standing and walking limitations. Plaintiff subsequently filed the instant motion on June 18, 2019, and the Commissioner filed a response [Doc. 29] on July 31, 2019, stating that he had no opposition to the motion.

## II. ANALYSIS

Now before the Court is the Plaintiff's request for attorney's fees under the EAJA. Four conditions must be met before fees will be awarded under the EAJA:

> 1. Plaintiff must be a prevailing party;
>
> 2. The Commissioner's position must be without substantial justification;
>
> 3. No special circumstances warranting denial of fees may exist;
>
> 4. The application for attorney fees must be filed within 30 days of the final judgment in the action.

*See* 28 U.S.C. § 2412(d)(1). The Court will address each consideration in turn.

### A. The Plaintiff is the Prevailing Party

In this case, the Plaintiff obtained a "sentence four" remand, which, for purposes of EAJA fees, renders him a "prevailing party." *See Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Thus, the Court finds the first condition for granting attorney's fees under the EAJA has been met.

### B. The Commissioner's Position was without Substantial Justification

To satisfy the "substantial justification" requirement, the Commissioner's position must be justified "both in fact and in law, to a degree that could satisfy a reasonable person." *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989). In this case, the Commissioner has stated that he does not oppose the Plaintiff's request for attorney's fees under the EAJA [Doc. 29], thereby conceding that the Commissioner's position in this matter was not substantially justified. Thus, the Court finds that the second condition for granting attorney's fees under the EAJA has been met.

### C. There are No Special Circumstances Affecting an Award of Attorney's Fees

The Court is not aware of, and has not been cited to, any "special circumstances" that would otherwise make an award of attorney's fees unjust. Therefore, the Court finds that the third

condition for granting attorney's fees under the EAJA has been met.

### D. The Plaintiff's Request for an Award of Fees is Timely

In support of his motion for attorney's fees, Plaintiff's counsel submitted an affidavit and itemized statement detailing the work performed in this case on behalf of the Plaintiff which amounted to $5,138.12 in attorney's fees and $24.00 in expenses. [Doc. 24]. The Court observes that the motion includes a proper application for fees and was filed within 30 days of the final judgment in this matter. Thus, the Court finds that the fourth condition for granting attorney's fees under the EAJA has been met.

### E. The Court Finds that the Fees Requested Are Reasonable

Further, the Commissioner has no opposition to the Plaintiff's request for attorney's fees and expenses, and the Commissioner has conceded that the Plaintiff is entitled to the amount requested. The Court has considered the amount requested, and the Court finds that the fee amount is reasonable.

Notably, in her motion, Plaintiff requests that the check issued in payment of the approved EAJA fee be paid directly to her counsel, Edward A. Wicklund, if Plaintiff has no debt registered with the Department of Treasury. Plaintiff attaches a copy of a signed assignment of any EAJA award to Mr. Wicklund. [Doc. 24-6]. In its response, the Commissioner states that it will verify whether Plaintiff owes a debt to the United States that is subject to offset, and, if there is not debt owed by Plaintiff, the fee will be made payable to Plaintiff's attorney upon assignment. [Doc. 29].

The Court will leave to the Commissioner's discretion whether to honor any assignment of fees by Plaintiff to her attorney. The Court is unaware of whether Plaintiff owes the Government a pre-existing debt. The Government, not the Court, determines whether such debt is owed. In light of the Supreme Court's ruling in *Astrue v. Ratliff*, 560 U.S. 586, 593 (2010), the Court finds

that the EAJA award shall be paid to the Plaintiff and not to Plaintiff's counsel because the award is subject to any debt owed by Plaintiff under the Treasury Offset Program. *See* 31 U.S.C. § 3716; *Ratliff*, 560 U.S. at 591 (stating the statute "clearly distinguish[es] the party who receives the fees award (the litigant) from the attorney who performed the work that generated the fees"); *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 448-49 (6th Cir. 2009) ("Like the Fourth, Tenth, and Eleventh Circuits, we are persuaded by the plain language of the EAJA and conclude that the prevailing part, and not her attorney, is the proper recipient of attorney fees under the EAJA.").

### III. CONCLUSION

Based upon the foregoing, the Court finds that the Plaintiff's Motion for Attorney Fees Pursuant to 28 U.S.C. § 2412(d)(1) [**Doc. 23**] is well-taken, and the same is **GRANTED**. The Court **ORDERS** an award of **$5,138.12** in attorney's fees be awarded to Plaintiff pursuant to the EAJA, to be paid by the Social Security Administration, and **$24.00** in expenses, to be paid from the Judgment Fund as administered by the United States Treasury, for a total award of **$5,162.12.**

**IT IS SO ORDERED**.

ENTER:

_____
United States Magistrate Judge